*1674·14*

§ 98.32 PETITION FOR DISCRETIONARY REVIEW
IN THE COURT OF CRIMINAL APPEALS

ORIGINAL

NO.

BENJAMIN ALLEY MOORE } IN THE COURT OF CRIMINAL APPEALS
VS. } FOR THE STATE OF TEXAS SITTING AT
THE STATE OF TEXAS } AUSTIN, TEXAS

PETITION FOR DISCRETIONARY REVIEW

ATTORNEY FOR PETITIONER
PRO-SE

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 29 2014

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

·1·

# INDEX

LIST OF AUTHORITIES ........................ 3

I. STATEMENT OF THE CASE .............. 4

II. PROCEDURAL HISTORY OF THE CASE ..... 5

III. GROUNDS FOR REVIEW ............... 6

    A. FIRST GROUND

    B. SECOND GROUND.

    C. THIRD GROUND

    D. FOURTH GROUND

    E. FIFTH GROUND

IV. REASONS FOR REVIEW ..................... 9

    A. FIRST GROUND

    B. SECOND GROUND

    C. THIRD GROUND

    D. FOURTH GROUND

    E. FIFTH GROUND

V. CONCLUSION AND PRAYER ............... 10

VI. CERTIFICATE OF SERVICE ................ 10

# LIST OF AUTHORITIES

## I. CASES

| | |
|---|---|
| TILLMAN V. STATE | 354 S.W. 3D 425,435 |
| STATE V. WOODARD | 341 S.W. 3D 404,410 |
| MEWEFEE V. STATE | 289 S.W. 3D 9, 13 |
| EX PARTE MABLES | 2014 3D WL 4627209 |
| AVILES V. STATE | 2014 WL 3843756 |
| MISSOURI V. McNEELY | argued JAN 9, 2013; decided APRIL 7 |
| SCHMERBER V. CALIFORNIA | 384 U.S. 757, 776 |

## II. CONSTITUTION

| | |
|---|---|
| FEDERAL | 4 AMENDMENT |
| STATE | ART. 1.§.9. |

## III STATUTE

| | |
|---|---|
| TEXAS CODE OF CRIMINAL PROCEDURE | ART. 44.02 |
| TEXAS PENAL CODE | §724.012(b)(3)(B) |
| TEXAS CODE OF CRIMINAL PROCEDURE | ART. 1.13, 1.14, 1.15 |

BENJAMIN ALLEY MOORE ) IN THE COURT OF CRIMINAL APPEALS
VS. ) FOR THE STATE OF TEXAS SITING AT
THE STATE OF TEXAS ) AUSTIN, TEXAS.

## PETITION FOR REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS

## I. STATEMENT OF THE CASE

DEFENDANT WAS CHARGED BY INDICTMENT IN CAUSE NUMBER 2012CR4943 WITH ONE COUNT OF DRIVING WHILE INTOXICATED. 3RD OFFENSE OR MORE. THE PRIMARY OFFENSE WAS ALLEGED TO HAVE BEEN COMMITTED IN BEXAR COUNTY, TEXAS ON OR ABOUT JANUARY 8, 2012.

## II. Procedural History

On an indictment charging the defendant with the offense of one count of driving while intoxicated-3rd January 8, 2012 (CR at 10). On July 25, 2014, persuant to a written plea agreement with the state, defendant pleaded "nolo contendere" to the charge and admitted that the enhancement allegation was true. (CR at 57, 125-126). The parties agreed that the state would recommend that defendant be sentenced to community supervision. (CR at 57) As part of the plea agreement, defendant agreed in writing to waive the right of appeal. (CR at 57) On August 26, 2014, the trial court, the Honorable Maria Teresa Herr presiding before sentencing the defendant learned that the presiding judge had signed a motion to supress the physical evidence, at that time defendant's trial counsel filed a motion to withdraw defendant's plea agreement (CR at 124). Motion was denied the defendant was sentenced to 10 years community supervision (CR at 125-126). Notice of appeal was filed pro-se by the defendant September 24, 2014 (CR at 127) the Fourth Court of Appeals dismissed defendant's appeal November 26, 2014. See Tex. R. App. P. 25.2(d).

-5-

# III GROUNDS FOR REVIEW

A. THE COURT OF APPEALS INCORRECTLY HELD THAT THE DEFENDANT HAD NO RIGHT TO APPEAL, THE DEFENDANT CONTENDS THAT HE HAS A CONSTITUTIONAL RIGHT TO APPEAL, IN WHICH TO WITHDRAW HIS PLEA ANY TIME BEFORE SENTENCING.... WHEN THE TRIAL COURT DENIED SAID MOTION TO WITHDRAW HIS PLEA RULE 44.02 OF THE TEXAS CODE OF CRIMINAL PROCEDURE GIVES THE DEFENDANT HIS RIGHT TO APPEAL. DEFENSE COUNSEL AS GROUNDS TRIAL COUNSEL CITED AVILES V. STATE, NO. 04-11-00877CR, 2014 WL 3843756 (TEX. APP. SAN ANTONIO AUG 6, 2014) FOR THE PROPOSITION THAT BLOOD DRAW EVIDENCE IN THIS CASE WAS OBTAINED IN VIOLATION OF DEFENDANTS FOURTH AMENDMENT RIGHTS, AND CANNOT SUPPORT A NOLO CONTENDERE PLEA. (CR at 122)

B. IN ACCORDANCE WITH ARTICLES 1.13 AND 1.14: PROVIDES HOW EVER THAT IT SHALL BE NECESSARY FOR THE STATE TO INTRODUCE EVIDENCE INTO THE RECORD SHOWING GUILT OF THE DEFENDANT AND SAID EVIDENCE SHALL BE ACCEPTED BY THE COURT AS A BASIS FOR ITS JUDGEMENT AND IN NO EVENT SHALL A PERSON CHARGED AND CONVICTED UPON A PLEA WITHOUT SUFFICENT EVIDENCE TO SUPPORT THE SAME. UNDER ARTICLE 1.15, A TRIAL COURT IS NOT PERMITTED TO RENDER A CONVICTION WITHOUT EVIDENCE ESTABLISHING DEFENDANTS GUILT EVEN IF HE ENTERS A PLEA OF GUILTY OR NOLO CONTENDERE.

C. IF THE EVIDENCE WAS SUPRESSED BY THE TRIAL JUDGE BECAUSE SHE ACKNOWLEDGED IT WITH HER SIGNATURE (CR at 136). THEN THE DEFENDANT'S SENTENCE WOULD CONSTITUTIONALLY DEFECTED, CAN A CLEARLY ILLEGALY DUE TO A NOLO CONTENDERE PLEA CANNOT BE USED AS EVIDENCE BUT CAN'T BE USED AS EVIDENCE.

D. THE DEFENDANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARY. IS A NOLO CONTENDERE PLEA AN ADMISSION OF ALL ELEMENTS OF A FORMAL CRIMINAL CHARGE, IT CANNOT BE TRULY VOLUNTARY UNLESS THE DEFENDANT POSSESSES AN UNDERSTANDING OF THE LAW. A DEFENDANT MUST HAVE SUFFICIENT AWARENESS OF THE RELEVANT CIRCUMSTANCES. IF THE DEFENDANT KNEW OF THE SUPRESSION HE WOULDN'T HAVE ENTERED INTO HIS NOLO CONTENDERE PLEA, THE SUPRESSION WOULD RENDER HIS PLEA UNKNOWING AND INVOLUNTARY. THEREFORE, WITHDRAWAL OF HIS NOLO CONTENDERE PLEA WAS WARRANTED.

E. THE APELLATE CONTENDS THAT THE TEXAS TRANSPORTATION CODE SECTION 724.012 IS UNAMBIGUOUS AND IS IN CONFLICT WITH U.S.C.A. CONST. AMEND. 4; VERNON'S ANN. TEXAS CONST. ART. 1.§.9. THE APELLANT REFUSED CONSENT TO A BLOOD DRAW, USED AS EVIDENCE IN A CRIMINAL INVESTIGATION. THE FOURTH AMENDMENT MANDATES THAT AN OFFICER IN A DRUNK DRIVING INVESTIGATION CAN REASONABLY OBTAIN A WARRANT BEFORE HAVING A BLOOD SAMPLE DRAWN WITHOUT SIGNIFICANTLY UNDERMINING THE EFFICACY OF THE SEARCH, TEXAS TRANSPORTATION

.7.

CODE SECTION 724.012(b)(3)(B), IF A SUSPECT REFUSED TO PROVIDE A SPECIMEN VOLUNTARILY THAT ARRESTING OFFICER HAS CREDIBLE INFORMATION THE SUSPECT HAS PREVIOUSLY CONVICTED TWICE OF D.W.I. THEN THE OFFICER "SHALL REQUIRE THE TAKING OF A SPECIMEN OF THE PERSONS BLOOD..." § §724.012(b)(3)(B).

## IV. REASON FOR REVIEW

A. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO WITHDRAW HIS NOLO CONTENDERE PLEA (CR at 122).

B. LACK EVIDENCE TO SUPPORT A NOLO CONTENDERE PLEA (CR at 122).

C. EVIDENCE WAS SUPRESSED BECAUSE TRIAL JUDGE ACKNOWLEDGED IT WITH HER SIGNATURE (CR at 136).

D. DEFENDANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARY DUE TO HIM NOT BEING AWARE OF SUFFICIENT RELEVANT CIRCUMSTANCES. AS FAR AS SUPRESSION (CR at 140) AND (CR at 134).

E. TEXAS TRANSPORTATION CODE 724.012(b)(3)(B) IS UNAMBIGUOUS AND IS IN CONFLICT WITH THE U.S.C.A. CONST. AMEND. 4; VERNONS ANN. TEXAS CONST. ART. 1.§.9.

9.

## V. CONCLUSION AND PRAYER

WHEREFORE, BY REASON OF THE REVERSIBLE ERRORS ABOVE POINTED OUT APPELLANT/PETITIONER PRAYS THAT HIS PETITION FOR REVIEW BE ACCEPTED AND THAT THE OPINION OF THE COURT OF APPEALS BE REVERSED AND THAT THIS CASE BE DISMISSED OR REMANDED AND HE SO PRAYS.

## VI. ORAL ARGUMENT

IN EVENT THIS PETITION IS GRANTED I WAIVE ORAL ARGUMENTS.

_____
PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

## CERTIFICATE OF SERVICE

I BENJAMIN ALLEY MOORE PETITIONER HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING PETITION FOR REVIEW HAS BEEN DELIVERED TO THE PROSECUTING ATTORNEY, BEXAR COUNTY DISTRICT ATTORNEY OFFICE, APPELATE DIVISION, PAUL ELIZONDO TOWER, 101 W. NUEVA ST. SUITE 370, SAN ANTONIO, TEXAS 78205. ONE COPY OF THE PETITION STATE PROSECUTING ATTORNEY LISA C. McMINN, P.O. BOX 13046, AUSTIN, TEXAS 78211, BY POSTING CERTIFIED MAIL, TO THEIR CORRECT ADDRESS, THIS THE 26th DAY OF December, 2014.

_____
PETITIONER

·10·



# Fourth Court of Appeals
## San Antonio, Texas

November 26, 2014

No. 04-14-00679-CR

Benjamin Alley **MOORE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR4943
Honorable Maria Teresa Herr, Judge Presiding

**ORDER**

In accordance with this court's opinion issued this date, this appeal is DISMISSED.

It is so **ORDERED** on November 26, 2014.

_Rebeca C. Martinez, Justice_

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of November, 2014.

_Keith E. Hottle, Clerk_



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00679-CR

Benjamin Alley **MOORE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR4943
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: November 26, 2014

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides that an appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The clerk's record, which was filed electronically, contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that

defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). In addition, appellant's counsel has filed a letter in which he states that he has reviewed the electronic clerk's record and can find no right of appeal for Appellant; counsel concedes that the trial court's certification stating the defendant has no right of appeal is correct. In light of the record presented, we agree with appellant's counsel that the defendant has no right of appeal; therefore, Rule 25.2(d) requires this court to dismiss this appeal. TEX. R. APP. P. 25.2(d). Accordingly, the appeal is dismissed. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH